IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PORTLAND (NMN) FRAME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-048 |
| | ) | |
| DR. ROBIN JACKSON; KIMBERLY | ) | |
| BOOKER; ROBERT REEDER; and | ) | |
| KATHERINE BRIDGEFORD, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.   **SCREENING OF THE COMPLAINT**

   A.   **BACKGROUND**

Plaintiff names as Defendants (1) Dr. Robin Jackson, Director of the Charlie Norwood VA Medical Center ("CNVAMC"); (2) Kimberly Booker, Chief of Health and Administration Service; (3) Robert Reeder, Associate Director; and (4) Katherine Bridgeford, Executive

Secretary. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff, a 68-year-old American Indian woman, has worked at CNVAMC since June 2011, serving as a secretary at the Health and Administration Service ("HAS") for the last five years. (Doc. no. 1, pp. 4, 7.) Plaintiff has applied internally for seventy-six promotions or lateral positions since 2018, and has been seeking a raise from her supervisor at HAS, Defendant Booker, since early 2021. (Id.) Instead, leadership has selected Plaintiff's younger co-workers for positions Plaintiff sought, telling Plaintiff she "didn't qualify" or was "not a good fit." (Id. at 8.) Plaintiff believes Defendants Booker and Reeder "have stereotyped [her] as a lazy Indian who's not good enough or doesn't deserve to be rewarded/promoted." (Id.) Plaintiff also believes Defendants Booker and Reeder have declined to advance her in retaliation for EEO complaints Plaintiff has filed in the past regarding discrimination and a hostile work environment at CNVAMC. (Id. at 8, 10.) Plaintiff has been subjected to racial slurs relating to status as an American Indian throughout her time at CNVAMC. (Id. at 9.) Defendant Reeder himself has noted Plaintiff's "dark pigmented skin" and has failed to hold employees accountable for racism and harassment. (Id.) Plaintiff also describes an incident where Defendant Reeder yelled at her in response to a complaint, which she connects to "[his] love[] to torture and punish employees of color." (Id. at 11.)

Plaintiff lists her qualifications and several positions she has sought, accusing Defendant Booker of nepotism, favoritism, and pre-selection in hiring decisions. (Id. at 8-9.) Defendant Booker and Plaintiff have had a litany of issues since Defendant Booker became Plaintiff's supervisor, and Defendant Booker has previously both gone to Human Resources concerning Plaintiff's behavior and written Plaintiff up for failure to follow instructions. (Id. at 10-11.) Plaintiff claims Defendant Jackson knows about Plaintiff's desire for advancement and is aware

of her experiences with Defendants Booker and Reeder but has done nothing to help or hold his employees accountable.  (Id. at 9-12.)  Plaintiff alleges Defendant Jackson "encourages unprofessionalism, hostility, and violence in the workplace." (Id. at 12.)

In February 2022, Plaintiff learned of Defendant Bridgeford, another secretary at CNVAMC, whom Defendant Jackson assigned to a similar position as Plaintiff.  (Id. at 11-12.)  Plaintiff alleges Defendant Jackson assigned Defendant Bridgeford to that position "to humiliate and sabotage any chances of [Plaintiff's] advancement within the VA," and eventually one of Plaintiff's responsibilities was given to Defendant Bridgeford. (Id. at 12.)

Plaintiff has suffered panic attacks as she fears retaliation and false accusations from Defendants Booker, Reeder, and Jackson.  (Id. at 14.)  Plaintiff asserts discrimination claims under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA") for failure to promote, retaliation, and harassment.  (Doc. no. 1, pp. 3-4.)  For relief, she seeks an upgrade to secretary, GS-7, reparations, and punitive damages.  (Id.)  Plaintiff has filed two charges with the Equal Opportunity Employment Commission ("EEOC") regarding these facts, first on March 24, 2021, and against on April 5, 2022.  (Id. at 5.)  She has not yet received a right-to-sue letter and states the EEOC charge relating to age discrimination was filed less than sixty days prior to her filing the present action.  (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous

if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).

4

However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> 2. **Plaintiff's Title VII and ADEA Claims Should Be Dismissed for Failure to Exhaust Administrative Remedies**

Although a plaintiff may bring a private action under Title VII and the ADEA in federal court, "before filing suit under Title VII . . . or the ADEA, a plaintiff must exhaust all available administrative remedies by filing a charge with the EEOC"  Anderson v. Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (*per curiam*) (citing, *inter alia*, 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)).  Plaintiff must pursue all available administrative remedies before filing in federal court.  Id.  For actions under Title VII, a plaintiff is required to have received a right-to-sue letter from the EEOC before filing suit based on the allegations in the corresponding charge.  Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1567-68 (11th Cir. 1996).  For actions under the ADEA, Plaintiff may file suit sixty days after filing with the EEOC without a response from the EEOC.  29 U.S.C. § 626(d)(1); Grayson v. K Mart Corp., 79 F.3d 1086, 1100 (11th Cir. 1996).

Plaintiff states she has filed two charges with the EEOC.  (Doc. no. 1, p. 5.)  She has not yet received a right-to-sue letter from the EEOC, and her age discrimination charge was filed less than sixty days prior to filing this action.  (Doc. no. 1, p. 5.)  Accordingly, Plaintiff's Title VII and ADEA claims should be dismissed for failure to exhaust administrative remedies.  See Forehand v. Fla. St. Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996) (affirming dismissal for failure to obtain right-to-sue letters before lawsuit); cf. Butler v. Cleburne Cnty. Comm'n, No. 1:10-CV-2561-PWG, 2012 WL 2357740, at *16 (N.D. Ala. Jan. 17, 2012) (allowing ADEA lawsuit filed more than 60 days after filing EEOC charge), *adopted*

*by* 2012 WL 2357741 (N.D. Ala. June 14, 2012); see also Burnett v. City of Jacksonville, Fla., 376 F. App'x 905, 907-908 (11th Cir. 2010) (plaintiff must allege exhaustion of administrative remedies in complaint) (*per curiam*).  Upon exhaustion, Plaintiff may re-file her Title VII and ADEA claims.

### 2. Plaintiff Fails to State a Claim Against Defendants Because There is No Individual Capacity Liability Under Title VII and the ADEA

Plaintiff has brought her Title VII and ADEA claims against her co-workers and supervisors.  However, the relief granted under Title VII is against the employer, not individual employees who violated the Act.  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).[1]  Thus, individual capacity suits under Title VII and ADEA are inappropriate, and the only proper defendant in such a suit is the employer or supervisory employees in their official capacities as agents of the employer.  See id.; Attwell v. Granger, 748 F. Supp. 866, 873 (N.D. Ga. 1990) (only Secretary of the employing federal department is proper defendant for Title VII and ADEA action), *aff'd*, 940 F.2d 673 (11th Cir. 1991).  None of the named Defendants are the head of the employing federal agency or are named as agents of the employer.  Thus, Plaintiff's Title VII and ADEA claims against Defendants, in either capacity, are inappropriate and Defendants should be dismissed.  See Reed v. Potter, No. CV 1:07-MI-0427-AJB, 2008 WL 11336193, at *3 (N.D. Ga. Nov. 6, 2008) (dismissing defendants other than head of federal agency).

---

[1] Although Busby is a Title VII discrimination case, the Eleventh Circuit "applies the law developed in Title VII, ADEA, and ADA cases interchangeably." Rizo v. Alabama Dep't of Human Res., 228 Fed.App'x. 832, 835 (11th Cir. 2007); see also Dearth v. Collins, 441 F.3d 931, 934 n.2 (11th Cir. 2006) (acknowledging "courts routinely apply arguments regarding individual liability" to Title VII, the ADA, and the ADEA).

II.     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of May, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA